IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA
Arlington Division

| | |
|---|---|
| XXXXXX by and through her Parents,<br>JEFFREY AND SHARON SMITH, | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | : Case No. 1:20-cv-00817<br>: |
| ARLINGTON COUNTY SCHOOL BOARD | :<br>:<br>:<br>: |
| Defendant. | :<br>: |

**ANSWER TO DEFENDANT' ARLINGTON COUNTY SCHOOL BOARD'S COUNTERCLIAM**

Plaintiff XXXXXX, by and through his parents and counsel, and pursuant to Fed. R. Civ. P. 12(a)(B) files the following Answer to Defendant Arlington County School Board's ("ACSB") counterclaim filed on December 7, 2020 by counsel.

**ANSWER**

This is an action brought under the Individuals with Disabilities Education Act, ("IDEA") 20 U.S.C. § 1415(i)(2), in which Plaintiffs seek to overturn part of an adverse administrative due process decision delivered by Hearing Officer Richard Alvey ("H.O. Alvey") on April 22, 2020. As part of Defendant's Answer, they have also filed a Counterclaim in which they seek to overturn the single determination made by H.O. Alvey in favor of the Plaintiffs. In his decision, H.O. Alvey ordered ACSB to reimburse the parent for the costs of obtaining a private evaluation by Dr. Kelly Theis ("Dr. Theis") on February 15, 2019, February 19, 2019, and March 8, 2019.

H.O. Alvey reached this determination after three days of witness testimony and review of the administrative record. With regard to this specific issue, H.O. Alvey correctly interpreted the

Defendant's counterclaim should be denied and Plaintiffs should be awarded reimbursement for the expenses of Dr. Theis' evaluation.

### First Defense

Plaintiffs incorporate by reference all defenses and arguments which it raised in the administrative proceedings, including, but not limited to, its initial Due Process Complaint, Amended Due Process Complaint, and its Closing Argument.

### Second Defense

Plaintiff will rely upon all other defenses found to be factually justified during the course of discovery or trial, if any, of this action.

### Third Defense

In response to the corresponding numbered paragraphs in the Counterclaim, Plaintiff responds as follows:

134. The Plaintiffs agree with the factual statement presented in the first sentence and add that Dr. Theis' evaluation was conducted over a year prior to the due process proceeding. H.O. Alvey's ruling ordering reimbursement was not made solely on the grounds of Dr. Theis' participation in the Administrative Due Process Hearing. The Plaintiff's disagree with all of the assertions made in the second sentence as they represent a legal determination adverse to our position.

135. The Plaintiffs do not disagree with the first sentence of this paragraph. The Plaintiffs disagree with the second sentence. The IDEA states that a hearing officer may award the relief that they determine to be appropriate, which may include compensatory educational services. 34 CFR § 300.516(c)(3). These compensatory services may include reimbursement for private services parents must pay for due to the school district's refusal to provide those services. *I.T. v. Dept. of Educ.*, State of Hawaii, 62 IDELR 178 (D. Hawaii 2013). *See also Draper v. Atlanta Indep. Sch. Sys.*, 49 IDELR 211 (11th Cir. 2008). These expenses can also include the costs of

XXXXXX's 2017 reevaluation and were denied by the school district. As a result, the Parents were later required to obtain a private evaluation to properly identify XXXXXX's autism spectrum disorder ("ASD"), motor integration deficits, and specific learning disabilities ("SLD").

136. Plaintiffs disagree with the first statement, Dr. Theis' evaluation was obtained upon Parent's disagreement with ACSB's refusal to evaluate XXXXXX and the discovery that ACSB disability documentation for XXXXXX was inaccurate by his current teachers. Plaintiff's disagree with the second sentence in so far as that was not the only reason the evaluation was obtained. Plaintiff's disagree with the third sentence as they specifically requested compensatory measures from H.O. Alvey, to include "any relief" he deemed appropriate. Plaintiff's do not disagree with the fourth sentence.

137. Plaintiff's do not disagree with the first sentence. Plaintiff's do not disagree with the second sentence in so far as it is a correct statement of that specific regulation. Plaintiff's disagree with the third sentence. As stated above, the IDEA permits a parent to reimbursed for an evaluation obtained at private expense in the case where it is a compensatory relief ordered by a Hearing Officer. Id.

138. The Plaintiff's do not disagree with the statement in this paragraph.

WHEREFORE, Plaintiffs respectfully requests that the Hearing Officer's ruling that Defendant reimburse Plaintiffs for the costs of Dr. Theis' neuropsychological evaluation be upheld; and for such further relief as the Court may deem appropriate.

Respectfully submitted this 21st day of December 2020.

| _/s/ JA_ | _/s/ JA_ |
|---|---|
| XXXXXX, *by counsel* | James P Atkinson (VSB No. 92001) |
| | Grace E. Kim (VSB No. 87010) |
| | Law Office of Grace E. Kim, P.C. |
| | 11325 Random Hills Road Suite 360-110 |
| | Fairfax, VA 22030 |
| | (703) 225-3395     phone |
| | (703) 225-3333     fax |

5